Morphy, J.
This action is brought by one of the heirs of the late James Goodby, to obtain a partition of the succession, the reduction of certain legacies exceeding the disposable portion, and the collation of donations, inter vivos, made to his co-heirs by the deceased. At the time of his death, James Goodby left three children, either alive or represented, to wit: John Goodby, Anna Cecilia Goodby, the deceased, wife of Webb, represented by the plaintiff, John S. Webb, her only son, and Mathilda Goodby, the deceased wife of Levi Luckett, represented by three minor children. In his lifetime, the deceased had advanced to John Goodby $1300, as a portion of the share lie was to receive from his succession; and, in like manner, he had advanced $950 to his daughter Mathilda Luckett. By his last will and testament, James Goodby bequeathed all his property to the children of John Goodby, and to those ?of his deceased daughter Mathilda Luckett, declaring that if John S. Webb, the only son of Anna Goodby, ever returned to the country, he gave him one-fifth of his property, &c. By a codiciL made shortly after, the testator ordered the emancipation of two of his slaves, who were appraised in the inventory of the estate at $600. Under these facts, which appear of record, the Probate Judge decreed, that the children of John Goodby were entitled, as legatees, to one-third of the estate, after deducting the appraised value of the two slaves emancipated: that John Goodby, and the heirs of Mathilda Luckett should collate, and bring back to the mass of the succession, the sums *540 respectively received by them ; that each of the heirs of the deceased, or their representatives, should receive orie-third of the estate after paying the debts, claims, legacies and charges against it; and that a partition should be made accordingly. From this judgment John S. Webb appealed.
The counsel for the appellant has not informed us, nor are we able to discover, what is his ground of complaint against the judgment appealed from. The testator having three children, could dispose of one-third of his estate, to which proportion the Probate Judge has reduced the legacies contained in his will. The • whole of the disposable portion, after deducting the value of the slaves emancipated, was properly given to the children of John Goodby, inasmuch as those of Mathilda Luckett, being forced heirs of the testator by representation of their mother, were bound under the law to collate the legacy to them, the testator not having expressed his intention that any part of it should be given to them as an advantage over their co-heirs, and besides their legitimate portion. Civ. Code, arts. 1306, 1307, J480.

Judgment affirmed.